IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

ANGEL LEMUS                                                                                           PLAINTIFF

v.                                        Case No. 6:21-cv-06116

AGENTS MUTUAL INSURANCE COMPANY                                              DEFENDANT

## MEMORANDUM OPINION

Before the Court is the motion for summary judgment filed by Defendant Agents Mutual Insurance Company. (ECF No. 23). This matter has been briefed and is ready for consideration. (ECF Nos. 24, 25, 28).

**I.   Background**

On July 2, 2021, Plaintiff Angel Lemus filed a complaint against Defendant Agents Mutual Insurance Company, in the Circuit Court of Pike County, Arkansas, for breach of insurance policy. (ECF No. 4). On July 22, 2021, Defendant filed an answer to Plaintiff's complaint. (ECF No. 5). On July 22, 2021 Defendant also filed a Notice of Removal, removing the case from the Circuit Court of Pike County to the United States District Court for the Western District of Arkansas. (ECF No. 2).

Plaintiff purchased a homeowner's policy of insurance ("Policy") for a home located on 114 N Clay Street, Glenwood, Arkansas ("Glenwood Residence") from Defendant on June 11, 2010. (ECF No. 24 ¶ 1). Under occupancy status, Plaintiff marked that he was the Homeowner of the Glenwood Residence. Plaintiff did not mark any other occupancy status such as Seasonal Occupancy. (*Id*. at ¶ 2). The Policy would insure the homeowner of up to $87,000 and up to $43,500 in personal property with the option to renew it annually upon payment of an annual premium. (*Id.* at ¶ 3). Every year, a correspondence was sent to the Plaintiff that stated that any change in residency or occupancy must be communicated to the insurer upon renewal. (*Id.* At ¶ 9). Furthermore, the Policy also had certain provisions in it that dictated when the policy would be void or when policy limits could be reduced. (*Id.*

1

at ¶ 5–8). Specifically the Policy would be voided if before or after a loss Plaintiff or any insured person had willfully concealed or misrepresented a material fact or circumstances that related to the insurance or if there had been fraud or false swearing with regard to a matter that relates to the insurance. The Policy further provided that Defendant would not pay for a loss that occurred more than 30 days after the date the Glenwood Residence was no longer Plaintiff's permanent place of residence. (*Id.* at ¶ 5, 7).

On July 3, 2016, a fire occurred on the Glenwood Residence, which was a result of two separate fires in the home and garage. (ECF No. 24 ¶ 18). Defendant sent Plaintiff a check for the amount of $38,280.00 for losses incurred due to the fire, but Plaintiff did not negotiate or cash the check. (ECF No. 4 ¶ 11; ECF No. 23-6 at 9; ECF No. 5 ¶ 21). On August 4, 2016, Defendant cancelled the Policy and issued Plaintiff a check for $782.28 which was a return of the premium that Plaintiff had already paid on the Policy. (ECF No. 5 ¶ 21; ECF No. 23-6 at 10). Defendant stated that they cancelled the Policy due to Plaintiff not primarily occupying the Glenwood Residence. (ECF No. 24 ¶ 24).

## II.     Standard of Review

Under Fed. R. Civ. P. 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585–86 (1986). An assertion that a fact cannot be—or, alternatively, is—genuinely disputed must be supported either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials," or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A) & (B). If the moving party has carried its burden, the nonmovant must then "come forward with specific facts showing that there is a genuine issue for trial." *Matsushita*, 475 U.S. at 587 (internal quotation marks omitted). The Court will "draw all reasonable

inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

To defeat a motion for summary judgment, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586; *see also Podobnik v. U.S. Postal Serv.*, 409 F.3d 584, 594 (3d Cir. 2005) (stating that the party opposing summary judgment "must present more than just bare assertions, conclusory allegations or suspicions to show the existence of a genuine issue") (internal quotation marks omitted). The "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment;" a factual dispute is genuine only where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986).

### III. Discussion

A federal district court sitting in diversity applies its forum state's substantive law. *Guardian Fiberglass, Inc. v. Whit Davis Lumber Co.*, 509 F.3d 512, 515 (8th Cir. 2007). "The provisions of an insurance contract 'are to be interpreted by the court in the plain and ordinary meaning of the terms and cannot be construed to contain a different meaning.'" *Unigard Sec. Ins. Co. v. Murphy Oil USA, Inc.*, 962 S.W.2d 735, 739–40 (Ark. 1998) (quoting *Horn v. Imperial Cas. & Indem. Co.*, 636 S.W.2d 302, 303 (Ark. 1982)). "The terms of an insurance contract are not to be rewritten under the rule of strict construction against the company issuing it so as to bind the insurer to a risk which is plainly excluded and for which it was not paid." *Id*. at 750 (quoting *S. Farm Bureau Cas. Ins. Co. v. Williams*, 543 S.W.2d 467, 470 (Ark. 1976)).

Defendant contends that "Plaintiff was out of compliance with the policy because the property was unoccupied and vacant, and the Plaintiff committed misrepresentation, concealment, or fraud in relation to his insurance with AMIC." (ECF No. 25 at 2). Defendant also contends that Plaintiff is precluded from seeking action against Defendant due to their non-compliance. *Id*. Plaintiff, on the other hand, argues that the Glenwood Residence was his home stating he was compliant with the Policy and committed no misrepresentation, concealment, or fraud.

It is the Court's determination, based on the evidence of record, that Plaintiff was not in compliance with the terms of the policy due to the property being unoccupied and vacant. Plaintiff's only argument in opposition to Defendant's motion, is that a language barrier caused Plaintiff to give what amount to material representations when signing the insurance contract at issue AND when discussing his losses with Defendant as a part of the fire investigation. The goal of summary judgment is "to prevent the assertion of unfounded claims or the interposition of specious denials or sham defenses." *City of St. Joseph, Mo. v. Sw. Bell Tel.*, 439 F.3d 468, 475 (8th Cir. 2006) (internal citations and quotation marks omitted). Plaintiff cannot create a "sham issue" of material fact by mere contradiction of his earlier statements, upon which Defendant relied in finalizing the terms of the contract and in making decision pursuant to that contract. Plaintiff did not mention a language barrier as a justification for the contradicting statements until his response to the motion for summary judgment. *Id.* at 476 (using the fact that a person did not claim in their affidavit that they were confused in their deposition or needed to clarify something as a factor for why the affidavit did not create an issue of material fact).

In the recorded statements Plaintiff clearly states that his brother-in-law was living at the Glenwood Residence up until 3 months prior to the fire. (ECF No. 23-1 ¶¶ 59–65). Plaintiff contends that this statement is incorrect, and the court should instead believe his deposition where he states that his brother-in-law was residing in the home up until the time of the fire, that the previous statements was merely given in error due to a language barrier. (ECF No. 23-3 at 53:13–20, 54:19–23). The Court finds this explanation to merely be trying to create a material issue where there is none. Plaintiff was not only able to understand the question well enough to say that his brother-in-law lived in his home up to three months prior to the fire, but he also gave an explanation as to why he told his brother-in-law to move out. (ECF No. 23-1 ¶¶ 59–65). Likewise with the missing furniture, Plaintiff says that his home was fully furnished in his deposition, but in the recorded statements not only did he state his wife had moved the furniture but was able to explain how she had either given away the furniture or put it in storage. (ECF No. 23-2 ¶¶ 15–34, ECF No. 23-3 at 57:1–58:25). Ultimately the contradicting statements in the deposition cannot be used to create a "sham issue" of whether Plaintiffs home was vacant and unoccupied

or not. The Glenwood Residence was unoccupied, and even if Plaintiffs brother-in-law occupied it, it had to be occupied by Plaintiff himself in order for Defendants to be required to pay out. (ECF No. 23-5 at 5) ("Unless otherwise indicated on the 'declarations', 'we' do not pay for loss that occurs more than 30 days after the date the 'insured premises' is no longer 'your' permanent place of residence.")

Furthermore, even by only looking at the deposition where Plaintiff had an interpreter and disregarding the recorded statements, Plaintiff was not in compliance with the Policy because he willfully engaged in misrepresentation, concealment, and fraud. Plaintiff stated in his deposition that the Glenwood Residence was used as a vacation home even though on the Policy he stated that the Glenwood Residence was his home. Even taking information in the light most favorable to the Plaintiff then that means that Plaintiff viewed the Glenwood Residence as his vacation home from the period of 2004-2013 meaning that Plaintiff was incorrect about the Glenwood Residence's home status when he acquired the Policy in 2011 and then when he renewed it in the following two years. The language of the Policy clearly states that "'Insured Premises' means the 'residence' shown on the 'declarations' as the described location and in which 'you' reside." (ECF No. 23-5 at 2). The Policy also allows for Defendant to cancel or not renew the Policy if it "was obtained through fraud, material misrepresentation, or omission of fact, which, if known by 'us', would have caused 'us' not to issue the policy." (ECF No. 23-5 at 3). Defendants were well within their right to retroactively cancel the policy when they found out that Plaintiff was not residing in the home at the time when he entered the Policy. *Ferrell v. Columbia Mut. Cas. Ins. Co.*, 816 S.W.2d 593, 595 (Ark. 1991) ("It is undisputed that at common law an insurance company could retroactively rescind coverage because of fraud or material misrepresentation.").

Because Plaintiff was not compliant with the Policy due to the home being unoccupied and vacant, and because Plaintiff misrepresented facts at the time he acquired the insurance policy, the Court finds that there are no genuine issues of material fact that prevent a finding as a matter of law that Defendants were proper in cancelling the Policy. The Court hereby grants their motion for summary judgment.

IV.  Conclusion

For the reasons stated above, the Court finds that the Defendant's Motion for Summary Judgment (ECF No. 23) should be and hereby is **GRANTED,** and Plaintiff's claim is hereby **DISMISSED WITH PREJUDICE** with each party to bear its own fees and costs.

**IT IS SO ORDERED** this 12th day of September 2022.

*/s/Robert T. Dawson*
**ROBERT T. DAWSON**
**SENIOR U.S. DISTRICT JUDGE**